64 F.3d 670
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carol SPENDLOVE, Defendant-Appellant.
 No. 95-4089.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Carol Spendlove (Spendlove) appeals from an order of the district court denying her pretrial motion to suppress. The relevant facts are undisputed.
 
 
 3
 On December 2, 1994, shortly after midnight, Sgt. Tony Garcia of the Utah Highway Patrol observed a vehicle enter the northbound lane of Interstate 15 without headlights illuminated. Concerned that the driver of the vehicle was possibly impaired and under the influence of alcohol, Sgt. Garcia entered the highway and followed for a short distance. After observing that the vehicle continued without its headlights illuminated and having observed the vehicle make two movements into the opposite lane, Sgt. Garcia stopped it.
 
 
 4
 Sgt. Garcia approached the vehicle and observed that Spendlove was the sole occupant. Sgt. Garcia asked Spendlove for her driver's licence and vehicle registration. Spendlove responded that she had no driver licence and no registration, having just purchased the automobile a few days before. Sgt. Garcia, having detected a faint odor of alcohol, requested that Spendlove step out of the vehicle for a field sobriety test. Spendlove complied and passed the test. Thereafter, Spendlove, at Sgt. Garcia's request, returned to her automobile and Sgt. Garcia returned to his patrol car where he radioed in for an automobile license check and a driver license check.
 
 
 5
 After being notified that Spendlove did not have a driver license and that the automobile she was driving was not properly registered, Sgt. Garcia decided to issue Spendlove a citation and release her, but to impound the vehicle in accordance with Utah Highway Patrol policy. Sgt. Garcia then returned to Spendlove's vehicle, advised her of his decision, called a tow truck to impound Spendlove's vehicle, and called one of Spendlove's friends and arranged a ride for her. At this time, two other troopers arrived to assist Sgt. Garcia.
 
 
 6
 Sgt. Garcia then had Spendlove exit her automobile and invited her to wait in his patrol car until such time as her ride arrived. Before allowing Spendlove to enter his patrol car, Sgt. Garcia, as was his practice, frisked her for weapons. Sgt. Garcia placed Spendlove under arrest after discovering a small amount of cocaine and paraphernalia on her person.
 
 
 7
 Following Spendlove's arrest, Sgt. Garcia and Trooper Campbell conducted an inventory search of her vehicle. Trooper Campbell opened a locked briefcase found on the front seat which contained methampehtamine. The officers also found a firearm under the seat.
 
 
 8
 Spendlove was charged in a two count indictment with possession with intent to distribute a controlled substance (Count I) and carrying and using a firearm during and in relation to possession with intent to distribute a controlled substance (Count II) in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(c) and 18 U.S.C. 924(c). Spendlove moved to suppress all evidence obtained as a result of the searches of her person, briefcase, and vehicle.
 
 
 9
 In a detailed report and recommendation, the magistrate judge concluded:
 
 
 10
 The evidence obtained from defendant's person should be suppressed as having been derived from an illegal frisk, arrest and search. The evidence obtained from the inventory of defendant's vehicle was lawfully obtained and the motion to suppress that evidence should be denied.
 
 
 11
 (R., Vol. I, Tab 38 at 24).
 
 
 12
 The district court entered an order in which it adopted the magistrate judge's report and recommendation as its own opinion. Thereafter, Spendlove entered a conditional plea of guilty pursuant to Fed.R.Crim.P. 11(a)(2) to Count I, possession of a controlled substance with intent to distribute, reserving the right to review on appeal the district court's denial of her motion to suppress the evidence obtained from the inventory of her automobile. Count II was dismissed by the government based on its determination that the firearm found in Spendlove's automobile was not carried in violation of the statute.
 
 
 13
 On appeal, Spendlove contends that the district court erred in denying her motion to suppress the evidence obtained from the inventory of her vehicle because "[i]t violates the fourth amendment for a police officer who has temporarily detained and released a motorist on a traffic matter to seize and search the motorist's briefcase before allowing the motorist to remove it from the automobile which is to be impounded." (Opening Brief of Appellant at 7). In reviewing the denial of a motion to suppress, we uphold the factual findings of the district court unless they are clearly erroneous. United States v. Christian, 43 F.3d 527, 530 (10th Cir.1994). The reasonableness of the search under the Fourth Amendment is a matter of law which we review de novo. Id.
 
 
 14
 Spendlove argues that: her arrest was illegal; in the absence of the illegal arrest, there would have been no reason to inventory her briefcase; "the troopers had no more right to search her briefcase than they had to search her person," (Opening Brief of Appellant at 8); and "the briefcase was not in the troopers' custody until after [she] was illegally arrested." Id. at 12.
 
 
 15
 The government responds that: the search of the vehicle and the briefcase within it were proper and legal and part of the impounding and inventorying of the vehicle and not a search incident to an arrest; Sgt. Garcia did not determine to impound or search the automobile based on his decision to frisk and arrest Spendlove; rather, that determination was made prior thereto and was based on the radio report Sgt. Garcia had received that Spendlove did not have a driver license and that the automobile she was driving was not properly registered; and under Utah law "any peace officer may seize and take possession of any vehicle ... that is ... being operated with improper registration." Utah Code Annotated 41-1a-1101(1)(a).
 
 
 16
 The Fourth Amendment protects individuals and their property from unreasonable searches and seizures by the government. United States v. Place, 462 U.S. 696, 700 (1983). That evidence discovered in an unlawful search must be suppressed is beyond question. United States v. Walker, 931 F.2d 631, 633 (10th Cir.1991). When a search and seizure is challenged as a violation of the Fourth Amendment the burden is upon the government to prove its validity. United States v. Ibarra, 955 F.2d 1405, 1408 (10th Cir.1992).
 
 
 17
 Law enforcement officers may impound an automobile until the ownership of the vehicle can be ascertained. United States v. Long, 705 F.2d 1259, 1262 (10th Cir.1983). The determination of whether an officer's decision to impound a vehicle was reasonable and proper is determined by the facts of each case. United States v. Kornegay, 885 F.2d 713, 716 (10th Cir.1989). See: United States v. Agofsky, 20 F.3d 866 (8th Cir.1994) (Fourth Amendment does not require police to allow arrested person to arrange for another person to pick up arrested person's car to avoid impoundment and inventory); United States v. Harvey, 16 F.3d 109 (6th Cir.1994) (police lawfully exercised their discretion to impound stopped car in absence of any licensed driver to attend to it); Sammons v. Taylor, 967 F.2d 1533 (11th Cir.1992) (officer may impound vehicle even where vehicle is not impeding traffic or otherwise presenting a hazard so long as decision to impound is made on basis of standard criteria).
 
 
 18
 Once it is determined that the officer's decision to impound a vehicle was proper and reasonable, this leaves the only question of whether the related inventory search was lawful. "[I]nasmuch as inventory searches are routine noncriminal procedures, they are to be judged by the standard of reasonableness under the Fourth Amendment." United States v. Kornegay, 885 F.2d at 716. A warrantless inventory search is considered reasonable and a routine administrative procedure when it is done pursuant to standard police procedures to protect the owner's property which may be in the vehicle, protect the police against claims of lost, stolen, or vandalized property, and to protect the police from potential danger. South Dakota v. Opperman, 428 U.S. 364, 369, 372-73 (1975). Utah Highway Patrol Order No. 93-9 expressly requires that "a written inventory shall be made of the contents of the vehicle, the trunk and any package, container, or compartment." (R., Vol. I, Tab 38, p. 23).
 
 
 19
 Applying these standards, we hold that the officers acted properly in impounding and searching Spendlove's automobile. The court did not err in denying Spendlove's motion to suppress the evidence obtained from her automobile. We agree with the district court that:
 
 
 20
 The inventory of the defendant's property was made because of the impound of the vehicle. The vehicle was not searched incident to the arrest. No evidence supports such a contention. Officer Garcia had made the determination to impound before any frisk, search, or arrest of the defendant. The search of the vehicle was not incident to arrest but an inventory incident to the impound of the vehicle.
 
 
 21
 (R., Vol. I, Tab 38 at 15).
 
 
 22
 We reject Spendlove's contention that the illegality of her frisk, arrest, and search undermined the validity of the officers' actions in impounding and searching the vehicle. Spendlove's vehicle was not searched incident to her arrest. The impounding and search of Spendlove's vehicle presented a separate issue which is not governed by the validity of her frisk, arrest, and search. See also Segura v. United States, 468 U.S. 796, 799 (1984) ("illegality of the initial entry ... has no bearing on the second question [whether evidence discovered pursuant to a valid search warrant had to be suppressed]."
 
 
 23
 We hold that the impoundment and related search of Spendlove's automobile was reasonable and properly undertaken. The vehicle was on a public highway, Spendlove did not have a driver license, and there was no registration in the vehicle.
 
 
 24
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470